INDIANAPOLIS AND CINCINNATI TRACTION COMPANY *v.* SENOUR, ADMINISTRATRIX.

[No. 9,752.    Filed April 17, 1919.    Transfer denied June 26, 1919.]

1. APPEAL.—*Briefs.—Sufficiency.—Rules of Court.*—Where appellant in the preparation of its brief has failed to some extent to comply with Rule 22 of the Supreme and Appellate Courts requiring an appellant to state, under a separate heading of each error relied on, separately numbered propositions or points, the court on appeal will not refuse to review the case, but will limit its consideration to such propositions or points as are properly stated and to those which, by their wording, clearly indicate the particular error to which they are directed.    p. 14.

2. NEGLIGENCE.—*Pleading.—Contributory Negligence.—Statute.*—In view of §362 Burns 1914, Acts 1899 p. 58, plaintiff in an action for personal injuries need not allege his own freedom from fault, but a complaint will be sufficient in that respect, unless the fact of contributory negligence affirmatively appears on the face of the pleading.    p. 16.

3. STREET RAILROADS.—*Operation.—Use of Streets.—Reciprocal Rights.*—The rights of a street railway company in operating its cars along a public street and of the public in traveling the street are equal, and each is bound to use ordinary care to avoid a collision.    p. 16.

3. STREET RAILROADS. — *Operation. — Use of Streets. — Reciprocal road in Tracks.*—A street railroad company, as against the general public, has a preferential right to that portion of the street occupied by its tracks.    p. 16.

5. STREET RAILROADS.—*Personal Injuries.—Questions of Fact.—Contributory Negligence.*—The mere fact that the driver of a team of horses entered upon the tracks of a street railroad after dark is not negligence *per se*, the question whether such conduct was contributory negligence depending upon the surrounding circumstances and the care used.    p. 17.

Indianapolis, etc., Traction Co. *v.* Senour, Admx.—71 Ind. App. 10.

6. STREET RAILROADS.—*Personal Injuries.—Contributory Negligence.
—Evidence.—Sufficiency.*—In an action against a street railroad
company for wrongful death, evidence *held* sufficient to warrant
the inference that a wagon struck by a car while being driven
along the tracks after dark carried a taillight as required by city
ordinance. p. 17.

7. STREET RAILROADS.—*Personal Injuries.—Contributory Negligence.
—Failure to Carry Taillight on Wagon.—Proximate Cause.*—The
failure of a wagon driver to carry a taillight on the wagon, al-
though a violation of a city ordinance, would not defeat a recovery
for personal injuries upon being struck by a street car while driv-
ing along the street car tracks, unless such negligence proximately
contributed to the injury. p. 18.

8. APPEAL.—*Review.—Verdict.—Conclusiveness.—Conflicting Evi-
dence.*—The determination of the jury based on conflicting evi-
dence is conclusive on appeal. p. 18.

9. STREET RAILROADS.—*Personal Injuries.—Contributory Negligence.
—Presumption.*—A wagon driver who was struck by a street car
while driving along the tracks after dark will not be presumed
to have failed to look for the car that injured him, or, if he had
in fact looked, to have failed to heed what he saw, where there
was evidence tending to show that the wagon was struck by a car
being operated at a dangerous rate of speed, while it was dark,
without any lighted headlight, and without any warning of its
approach. p. 18.

10. STREET RAILROADS.—*Operation.—Excessive Speed.—Rights of
Wagon Driver.—Presumption.*—One driving a wagon along street
railroad tracks is required to exercise ordinary care for his own
safety, but in doing so has the right to assume, in the absence of
some indication to the contrary, that the street railroad will not
fail to discharge the duty it owes him, and within reasonable
limits to govern his conduct accordingly. p. 18.

11. STREET RAILROADS.—*Personal Injuries.—Contributory Negli-
gence.—Driving Wagon Along Tracks.*—Where a street railroad
operated along a narrow street had scraped the snow to the sides
of its tracks, so that is was practically impossible for vehicles to
travel the street except upon the car tracks, and such practice
became a custom, the driver of a wagon was not, as a matter of
law, guilty of contributory negligence in driving his wagon along
the tracks after dark. p. 19.

12. APPEAL.—*Review.—Instructions.—Invited Error.*—A party has
no right to complain of an instruction given where he requested
an instruction which embodied the same legal principle. p. 19.

13. APPEAL.— *Review.— Instructions.— Invited Error.— Presump-
tions.*—The court on appeal, in considering alleged error in in-

structions given, will not presume, in the absence from the record of instructions tendered by appellant and refused, that any error committed by the court in instructing the jury was invited by instructions requested by appellant. p. 19.

14. APPEAL.—Review.—Instructions.—Burden of Showing Error Harmless.—Where appellee contends that error, if any, in instructions challenged by appellant was invited by instructions tendered by appellant and refused, the burden is on her to show that fact by having such requested instructions brought into the record, it not being incumbent on appellant to include them in the record where they are not essential to a determination of the questions presented by appellant relating to the instructions given. p. 19.

15. TRIAL.—Instructions.—Consideration as a Whole.—Instructions must be considered together. p. 20.

16. STREET RAILROADS.—Personal Injuries.—Action.—Instructions. —Construction.—In an action against a street railroad company to recover for the death of a wagon driver struck by a car, instructions upon reasonable care held not to charge defendant with knowledge acquired by it after the accident, in view of an instruction stating that the question of reasonable care, with respect to both parties, depends wholly upon the situation at the time of the accident, and not upon anything known or discovered thereafter which could not with reasonable diligence have been known or discovered before. p. 20.

17. STREET RAILROADS.—Personal Injuries.—Action.—Instructions. —In an action against a street railroad company to recover for the death of a wagon driver struck by a car, an instruction that the question of reasonable care, with respect to both parties, depends wholly upon the situation at the time of the accident, and not upon anything known or discovered thereafter which could not with reasonable diligence have been known or discovered before, held not misleading, considering the instructions as a whole, because failing to limit the facts and circumstances which might be considered by the jury. p. 20.

18. APPEAL.—Review.—Instructions.—Where, in an action for wrongful death, an instruction which was not mandatory and did not purport to cover all matters of law involving plaintiff's right of recovery, was applicable to at least a part of the evidence, it was not erroneous by reason of the fact that it might have been made fuller, especially in view of other instructions fully covering the matter complained of. p. 21.

19. STREET RAILROADS.—Injuries on Tracks.—Care Required.—Violation of City Ordinance by Wagon Driver.—Although a wagon driver, who was struck by a street car, was violating a city ordinance at the time of the accident by not having a tail light on his

Indianapolis, etc., Traction Co. v. Senour, Admx.—71 Ind. App. 10.

wagon, the street car company owed him the same duty which it owed the general public. p. 21.

20.  STREET RAILROADS.—*Injuries on Tracks.—Action.—Instructions.—Care Required.*—In an action against a street railroad company for the death of a wagon driver who was struck by a car while driving along the car tracks after dark, instructions on the degree of care to be exercised in operating interurban cars over public steets *held* not to state defendant's duty toward decedent too broadly, notwithstanding limitations placed on the brilliancy of the headlights on interurban cars by city ordinance. p. 22.

21.  NEGLIGENCE.—*Wrongful Death.—Action.—Instructions.—Last Clear Chance.—Pleading.*—In an action for wrongful death, instructions on the theory of last clear chance are proper under a general allegation of negligence without pleading the last clear chance doctrine where the facts developed by the evidence warrant it. p. 22.

From Hendricks Circuit Court; *George W. Brill,* Judge.

Action by Nettie Senour, administratrix of the estate of Alfred Senour, deceased, against the Indianapolis and Cincinnati Traction Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Joseph R. Morgan* and *Kittinger & Diven,* for appellant.

*Ayres & Ayres* and *E. M. Blessing,* for appellee.

BATMAN, P. J.—This is an action by appellee against appellant to recover damages sustained by her on account of the death of her husband, Alfred Senour, alleged to have been caused by the negligence of appellant. The complaint on which the cause was tried is in two paragraphs. Appellant's demurrer to each of said paragraphs was overruled. The cause was submitted to a jury for trial, resulting in a verdict for appellee on which a judgment was duly rendered. Appellant filed a motion for a new trial, which

14    APPELLATE COURT OF INDIANA,

Indianapolis, etc., Traction Co. *v.* Senour, Admx.—71 Ind. App. 10.

was overruled, and has assigned the action of the court in overruling its demurrer to each paragraph of said complaint, and in overruling its motion for a new trial as the errors on which it relies for reversal.

Appellee contends that appellant has failed to comply with Rule 22 of the Supreme and Appellate Courts in the preparation of its brief, by failing to state "under a separate heading of each error relied on, separately numbered propositions or points, stated concisely, and without argument or elaboration, together with the authorities relied on in support of them." An examination of appellant's brief discloses that there has been a failure to some extent with reference to separate headings of each error relied on, and separately numbered propositions or points thereunder. This, however, will only have the effect of limiting our consideration to such propositions or points as are properly stated, and to those which, by their wording, clearly indicate the particular error to which they are directed. *Moore* v. *Ohl* (1917), 65 Ind. App. 691, 116 N. E. 9; *Gwinn* v. *Hobbs* (1917), 72 Ind. App. —, 118 N. E. 155.

The first paragraph of the complaint alleges in substance, among other things, that appellant on December 24, 1914, was operating an interurban railroad along and over Prospect street in the city of Indianapolis, Indiana, and that said street was very narrow; that on said date and previously thereto there was a very deep snow on the ground, and appellant had scraped and plowed said snow from its tracks in said street to the sides thereof, and thereby made it practically impossible to drive a wagon thereon, except by driving upon said railroad tracks; that by reason

of such fact it had become a custom of all vehicles going along said street to drive upon that portion thereof where said tracks were located, as appellant well knew; that on the evening of said date, while it was dark, appellee's decedent was driving east on said street in a covered grocery wagon in which he was seated; that at the same time one of appellant's cars was being run upon said street in the same direction that said wagon was going; that said car was being operated in a negligent manner, in this, that it had no headlight or light of any kind, and was being run at a high and dangerous rate of speed, to wit, twenty-five miles per hour; that while being so operated, and without warning of any kind, appellant negligently ran said car into, against and upon said wagon so being driven by said decedent, breaking and to a large extent demolishing said wagon, and thereby causing said decedent to be struck and injured by said car or by being thrown in some way so as to strike some object, fracturing his skull, and causing his death; that if appellant had had a lighted headlight upon said car its motorman would have seen the wagon in which said decedent was riding in ample time to have stopped its car and thereby prevented said injury, or to have warned said decedent in time for him to have escaped the same; that said accident happened by reason of the negligence of appellant, as aforesaid, and without any fault or negligence on the part of said decedent. The second paragraph of complaint is substantially the same as the first, except that it alleges that the striking and demolishing of the wagon by appellant's car caused the horse attached to the same to become frightened and uncontrollable, and to run away, pulling and drag-

16    APPELLATE COURT OF INDIANA,

Indianapolis, etc., Traction Co. *v.* Senour, Admx.—71 Ind. App. 10.

ging said wagon and said decedent, thereby fracturing said decedent's skull and causing his death.

Appellant presents only two objections to the complaint in its propositions or points, viz.: (1) That neither paragraph of the complaint alleges that the decedent made any attempt to look for an approaching car; (2) that each paragraph of the complaint shows that the decedent was guilty of contributory negligence. The authorities cited by appellant in support of the first point stated above all involve cases which arose and were decided prior to the enactment of §362 Burns 1914, Acts 1899 p. 58. Since the enactment of said section it is not incumbent upon a plaintiff, in an action to recover damages for personal injuries, to allege his own freedom from fault, but a complaint will be good in that respect, unless the fact of contributory negligence affirmatively appears on the face of the pleading. *Evansville, etc., R. Co. v. Berndt* (1909), 172 Ind. 697, 88 N. E. 612. This disposes of the first objection stated.

Appellant, in making its second objection, relies upon the allegation of the complaint which shows that the decedent voluntarily chose to drive along and upon appellant's tracks while in the dark. It is well settled that the rights of a street railway company in operating its cars along a public street and of the public in traveling the same are equal, and each are bound to use ordinary care to avoid a collision. The railway company, however, has the preferential right to the portion occupied by its tracks. *Indianapolis St. R. Co. v. Schmidt* (1905), 35 Ind. App. 202, 71 N. E. 663, 72 N. E. 478; *Louisville, etc., Traction Co.*

5.   v. *Lottich* (1915), 59 Ind. App. 426, 106 N. E.
     903; *Indianapolis St. R. Co.* v. *Bolin* (1906),
39 Ind. App. 169, 78 N. E. 210. It follows that the
mere fact that appellee's decedent entered upon appellant's tracks in a wagon after dark is not negligence *per se.* Whether such conduct was or was not
contributory negligence necessarily depends upon the
surrounding circumstances and the attendant care
used, and hence we cannot say as a matter of law
that the mere fact of his entrance upon the tracks, as
alleged, was contributory negligence. The court,
therefore, did not err in overruling appellant's demurrer to either paragraph of the complaint.

Appellant contends that the verdict of the jury
is not sustained by sufficient evidence. In support of
     this contention it claims that the uncontra-
6.   dicted evidence shows that appellee's decedent
     at the time he received his injuries was driving along a public street in the dark upon its tracks,
in a sparsely settled part of the city, without a tail
light upon his wagon, in violation of a city ordinance
in that regard. Based on these facts it asserts that
the decedent was guilty of contributory negligence.
We do not agree that the uncontradicted evidence
shows the absence of a tail light on the wagon. One
of appellee's witnesses testified that the wagon
passed him a short time before the accident, and that
he had a very strong impression that it had such a
light, but he would not be positive. There is also
evidence which tends to show that the motorman,
without a headlight on the car he was operating,
detected the wagon in the dark when it was from 100
to 150 feet in front of him. This would warrant an
inference that it carried a tail light, which attracted
the motorman's attention. Therefore there is some

evidence that there was such a light on the wagon. But if we could say there was no such evidence, still the absence of such light, although a violation of a city ordinance, would not defeat a recovery, unless the evidence shows that such negligence proximately contributed to the injury. The evidence in this regard is by no means conclusive in appellant's favor, and hence we are bound by the determination of the jury in that regard.

Appellant also asserts, in support of its contention that the verdict is not sustained by sufficient evidence, that it will be presumed that appellee's decedent did not look for the car which injured him, or that, if he did look, he did not heed what he saw, in either of which events his negligence contributed to his injury. While it may be that such a presumption would exist under certain circumstances, it cannot be indulged under the facts which the evidence in this case tends to establish, viz., that appellant ran its car against the wagon in which the decedent was riding at a dangerous rate of speed, while it was dark, without any lighted headlight, and without giving any warning of its approach. There is evidence which tends to show that appellee's decedent was at a place where he had a right to be. He was, however, required to exercise ordinary care for his own safety, but in doing so he had a right to assume, in the absence of some indication to the contrary, that appellant would not fail to discharge the duty which it owed him, and within reasonable limits to govern his conduct accordingly. *Baltimore, etc., R. Co.* v. *Rosborough* (1907), 40 Ind. App. 14, 80 N. E. 869; *Indianapolis St. R .Co.* v. *Hoff-*

*man* (1907), 40 Ind. App. 508, 82 N. E. 543; *Lake Erie, etc., R. Co.* v. *Oland* (1912), 49 Ind. App. 494, 97 N. E. 543; *Louisville, etc., Traction Co.* v. *Lottich, supra.* Under all the facts and circumstances which the evidence in this case tends to establish, we cannot say as a matter of law that appellee's decedent was guilty of contributory negligence, as we would be required to do in order to sustain appellant's contention.

Appellant has challenged the action of the trial court in giving certain instructions, but appellee contends that this court cannot determine whether there is reversible error in giving any of them, for the reason that appellant requested ten instructions that do not appear in the record, and which the court refused to give. She asserts that any error appearing in the instructions given may have been invited by appellant in those tendered by it, which the court refused. We recognize the rule which appellee seeks to invoke, that a party has no right to complain of an instruction given, where such party himself requested an instruction which embodied the same legal principle. *Marion Trust Co.* v. *Robinson* (1916), 184 Ind. 291, 110 N. E. 65. This rule has been held to apply, although the court refused to give the requested instruction by which the error was invited. *Cleveland, etc., R. Co.* v. *Dixon* (1912), 51 Ind. App. 658, 96 N. E. 815; *Eacock* v. *State* (1907), 169 Ind. 488, 82 N. E. 1039; *Orient Ins. Co.* v. *Kaptur* (1911), 176 Ind. 308, 95 N. E. 230.

However, none of the instructions tendered by appellant and refused by the court are in the record, and we cannot presume that any error which the court may have committed in instructing

20        APPELLATE COURT OF INDIANA,

Indianapolis, etc., Traction Co. *v.* Senour, Admx.—71 Ind. App. 10.

the jury was thereby invited. If appellee so believed, she could have taken the proper steps to show such fact by having all the instructions tendered by appellant brought into the record, and thereby enable this court to determine whether any error committed in giving the instructions was, in fact, invited. This was incumbent upon appellee, and not upon appellant, as it was not necessary that such refused instructions be in the record in order to have a determination of the questions presented with reference to the instructions given. *Red Men's, etc., Assn.* v. *Rippey* (1914), 181 Ind. 455, 103 N. E. 345, 104 N. E. 641, 50 L. R. A. (N. S.) 1006. For the reasons stated appellee's contention is not well taken.

Appellant contends that the court erred in giving instructions Nos. 4, 5, 8, 12 and 13. It asserts that under these instructions the jury might charge appellant with knowledge acquired by it after the accident. When these instructions are considered together, as we are required to do, they are not reasonably susceptible of such a construction. Instruction No. 8 expressly states: "The question of reasonable care, with respect to both parties, depends wholly upon the situation then and at the time of the accident, and not upon anything known or discovered afterward, which could not with reasonable diligence have been known or discovered before the occurrence of the accident."

The failure to limit the facts and circumstances which the jury might consider in determining the question of reasonable care is urged as a further objection to said instruction No. 8, but a consideration of the instructions as a whole.

discloses that the jury could not have been misled as to its duty in that regard.

It is also urged that the court erred in giving instruction No. 13, by assuming that appellee's decedent was not violating the city ordinance with reference to a tail light on his wagon at the time he received his injury. This instruction is based on the duty which appellant owed the general public in the operation of its cars, and, while it may be true that the evidence shows that appellee's decedent was violating said city ordinance at the time he was injured, still appellant owed him the same duty which it owed the general public. Moreover, it will be observed that said instruction is not mandatory, and does not purport to cover all matters of law involving appellee's right of recovery. It was applicable to at least a portion of the evidence, and, while it might very properly have been made fuller, it was not erroneous for that reason. *Majestic Life, etc., Co.* v. *Tuttle* (1915), 58 Ind. App. 98, 107 N. E. 22. Other instructions informed the jury that appellee could not recover if the decedent was guilty of contributory negligence, and that in determining such question it might consider the fact of the ordinance requiring lights upon vehicles traveling on the streets after dark, and any failure on the part of the decedent to comply therewith. The law in that regard was thereby settled for the guidance of the jury, and it was unnecessary to repeat the same in other instructions which did not undertake to state all the law covering the issues. It is clear that appellant was not harmed by the action of the court in giving said instruction.

Instructions Nos. 16 and 18 relate to the degree of

care that must be used in operating interurban cars over public streets. Appellant claims that its duty toward appellee's decedent was not as broad as stated in said instructions, because of the limitations placed on the brilliancy of the headlight of interurban cars by the city ordinance introduced in evidence. This ordinance requires the headlights of such cars to be screened in such manner as to reduce the outward brilliancy at least fifty per cent. when operated on the streets of the city, but does not purport to fix the strength of such lights when so reduced. It is obvious that, notwithstanding such ordinance, the duty rests upon those operating such cars on the streets of the city to use the care stated in said instructions for the protection of vehicles thereon, which might require a reduction in the speed of such cars because of the reduction in the strength of their headlights. Appellant's objection to said instructions is not well taken.

Appellant firmly contends that the court erred in giving instruction No. 23. This instruction is on the theory of the last clear chance. The only objection thereto, urged by appellant in its propositions or points, is that the doctrine of the last clear chance is not pleaded, and it was therefore erroneous to instruct thereon. It has been held that a general allegation of negligence is all that is necessary in order to justify an instruction on the last clear chance doctrine, provided the facts brought out by the evidence warrants it. *Indianapolis St. R. Co. v. Marschke* (1906), 166 Ind. 490, 77 N. E. 945. As to the amount of evidence necessary to justify the giving of an instruction on any particular theory, it has been held that any evidence, however slight, which presents to the jury an issue of fact, renders

the giving of an instruction as to the law governing such facts proper. *Public Utilities Co.* v. *Handorf* (1916), 185 Ind. 254, 112 N. E. 775. An application of this rule to the facts which the evidence tends to prove leads us to conclude that the court did not err in giving said instruction No. 23.

We find no error in the record. Judgment affirmed.