DEL-MAR GARAGE, INCORPORATED, *v.* BODEN.

[No. 14,135.   Filed February 18, 1932.   Rehearing denied July 27, 1932.   Transfer denied December 15, 1932.]

318

*Charles E. Henderson* and *Laurens L. Henderson,* for appellant.

*Alvah J. Rucker, Oren S. Hack* and *B. Howard Caughran,* for appellee.

CURTIS, J.—This was an action brought by the appellee against the appellant to recover damages for personal injuries alleged to have been caused by the negligence of an employee of the appellant. The complaint was in one paragraph, which was later amended, and thereafter there was filed a second amended complaint. Issues were formed upon the filing of a general denial. Trial was had before a jury, who returned a verdict of $3,000.00 in favor of the appellee, upon which a judgment was entered by the court in accordance with the verdict, from which judgment this appeal is prosecuted.

The error relied upon for reversal is the overruling of the appellant's motion for a new trial which contains the following causes: "(1) The verdict of the jury is not sustained by sufficient evidence and is contrary to law. (2) The damages assessed by the jury are excessive. (3) The court erred in giving to the jury each of the instructions, separately and severally numbered from one to eighteen inclusive. (4) The court erred in refusing to permit O. G. Meyers, a witness for the defendant, to answer the following question." (Here follows the question and the record made thereon.)

It is earnestly contended by the appellee that no questions are presented, due to errors in briefing. Some of the objections pointed out by the appellee are extremely technical and others present serious questions, but upon the whole we have concluded to consider the case upon the merits, giving the appellant the benefit of the "good faith attempt rule."

While the motion for a new trial seeks to base error in the giving of each of the 18 instructions, given by the court, yet the appellant, under "Propositions, Points and Authorities" discusses only the alleged error as to the giving of instruction number 13. Error, if any, as to the giving of the other instructions is therefore waived. The only other alleged error discussed by the appellant relates to the refusal of the court to permit the witness Meyers to answer a certain question. These alleged errors will be taken up in order above mentioned.

The salient parts of the second amended complaint, upon which the case was tried, are as follows: "That the defendant, on or about January 21, 1929, ran and operated a certain garage in the city of Indianapolis and, for hire, stored automobiles of owners therein; that the first floor of the garage is composed of an office where the business with the customers is conducted and that there are certain alleys and runways therein; that said runways proceed from said first floor upward by means of inclined planes to the second floor where the automobiles of the customers were stored; that said inclined planes, said runways, and the floors were paved with cement and were dark and unlighted; that in order for a customer to go to the said office and to his automobile or to depart therefrom it was necessary to cross or be upon places where automobiles were driven and operated on said first floor; that on said day the plaintiff stored his automobile for hire with the defendant in said

garage; that thereafter on said day the plaintiff came to said garage for his car which had been stored on the second floor and after paying said storage charge at said office proceeded from said office along one of said runways toward his said automobile; that while said plaintiff was on said runway the defendant, through its employee and servant, who was then acting within the scope of his employment by the defendant, "carelessly and negligently drove another automobile down said inclined plane and on and in said runway leading to Market Street and upon and against this plaintiff, thereby causing the injuries hereinafter complained of; plaintiff further alleges that he does not know the name of said employee and servant of defendant, by whom, as beforesaid, the defendant so negligently and carelessly drove said automobile down said incline plane upon and against this plaintiff. . . . That said negligence of said defendant is more specifically described as follows, to-wit: That then and there the defendant acting as aforesaid, negligently operated said other automobile down said inclined plane and upon said runway and against plaintiff as aforesaid without having such automobile under the control of the defendant, acting as aforesaid; that the defendant acting as aforesaid then and there negligently operated said other automobile as aforesaid toward and upon plaintiff, without giving any warning of the approach of said automobile; that defendant then and there negligently failed to have a guard and director of traffic on said first floor and inclined plane, to direct traffic therein and to warn persons therein of the approach of automobiles; that defendant negligently constructed and maintained said first floor without providing places for customers to enter and take possession of their automobiles, without crossing and entering in and upon said runway proceeding to Market Street as aforesaid; that defendant negligently failed to maintain

lights and lighting facilities on said first floor to enable persons therein to see the approach of automobiles therein and to enable defendant's employees to see persons on foot therein; that defendant acting as aforesaid, when plaintiff called for his automobile as aforesaid, negligently placed such automobile in said runway proceeding to said Market Street, at a place where other automobiles were then and there operated on said runway; that defendant acting as aforesaid, when plaintiff called for his automobile as aforesaid, negligently placed plaintiff's automobile at a place in said runway to Market Street where plaintiff was compelled to and did walk on such runway to enter his said automobile. That each of said acts of negligence on the part of defendant was the sole and proximate cause of the injuries complained of. . . . That plaintiff was knocked down by said other automobile striking him as aforesaid, upon the cement floor of said garage," causing the injuries set forth. (Here follows a detail of the injuries.)

Instruction number 13 complained of is as follows: "The plaintiff may recover in this action upon legal proof of the material averments of his complaint unless the evidence, by a preponderance, shows that he was guilty of contributory negligence which proximately and directly caused or contributed to cause his injuries. However, the mere fact of itself that he may have been guilty of negligence would not prevent a recovery by the plaintiff if such negligence did not proximately and directly contribute to cause his injuries. If, therefore, you should find that plaintiff did negligently step into the path of the automobile which struck him, or did not use his senses of sight and hearing as a reasonably prudent person should have done under like circumstances, or was otherwise negligent if shown by the evidence, so that he was then and there

in peril and unable to escape from the collision in question because of his said conduct, but if you further find from the evidence that before plaintiff was struck as alleged, the operator of such automobile as employee of the defendant saw and knew of such negligent conduct and peril of plaintiff and saw and knew that plaintiff was unaware of the approach toward him of such automobile and would be struck by and would not be able to escape from the same unless such employee should stop or check the speed of said automobile or otherwise avoid the collision, and then and there such employee with knowledge of the danger in which plaintiff was then and there placed, had sufficient time and opportunity to have so stopped or checked the speed of such automobile and thereby could have avoided striking and colliding with plaintiff, by the exercise of reasonable care if shown by the evidence, but did not so do, and thereby negligently and carelessly, after discovering such facts concerning plaintiff, operated the automobile upon and against plaintiff, causing the collision, then and in such event the court instructs you that the line of causation of any such antecedent negligence on the part of the plaintiff would have been cut off and rendered inoperative as a direct or proximate cause of such injuries by subsequent conduct on the part of said employee; and if under and by reason of such circumstances, you find such facts are established, by the evidence, you should find that plaintiff was not guilty of any contributory negligence which would prevent him from recovering against the defendant herein."

The evidence and the legitimate inferences to be drawn therefrom tend to show that when the appellee had gone to the office in the garage and paid his storage bill he thereafter negligently stepped into the path of the automobile which struck him and was then and there in peril, unconscious thereof, and by reason of his lack of knowl-

edge of said peril he made no attempt to escape therefrom, but that at said time and before he was struck the operator of the automobile, who was the servant or agent of the appellant, saw appellee's peril and saw that he was unaware of the approach of said automobile toward him and saw that he would not be able to escape from same unless said automobile was stopped, yet, with sufficient time and opportunity, after said knowledge, in which to have avoided the injury by the exercise of reasonable care he did not do so but drove said automobile against and upon the appellee causing the injuries complained of. It will thus be seen that said instruction number 13 was applicable to the evidence.

The appellant contends that said instruction number 13 is based upon the doctrine of last clear chance and that there is no allegation in the second amended complaint to which it is applicable and that the court erred, therefore, in giving it. The case of *Indianapolis and Cincinnati Traction Company* v. *Senour, Administratrix* (1919), 71 Ind. App. 10, 122 N. E. 772, is relied upon by the appellant in support of his contention. That case, however, rather than being an authority for the appellant's contention, is in fact an authority against it. We quote from the case as follows: "Appellant firmly contends that the court erred in giving instruction No. 23. This instruction is on the theory of last clear chance. The only objection thereto, urged by the appellant in its proposition or points, is that the doctrine of last clear chance is not pleaded, and it was therefore erroneous to instruct thereon. It has been held that a general allegation of negligence is all that is necessary in order to justify an instruction on the last clear chance doctrine, provided the facts brought out by the evidence warrants it." The rule in Indiana is no doubt as announced in the above case. The cases so holding are numerous. See *Indianapolis Street Railway*

*Company* v. *Marschke* (1906), 166 Ind. 490, 77 N. E. 945; *Evansville Railways Company* v. *Miller, Admx.* (1917), 64 Ind. App. 206, 111 N. E. 1033.

It is next urged by the appellant that the allegations of negligence in the second amended complaint are specific acts of negligence and that there is no general charge of negligence and hence the doctrine of last clear chance is not applicable. We do not agree with the appellant. There are many cases in this state holding that allegations similar to the allegations in the instant case, which we have heretofore set out, permit the operation of the last clear chance rule. *Indianapolis and Cincinnati Traction Company* v. *Senour, supra; Doolittle* v. *Union Traction Company* (1924), 81 Ind. App. 184, 138 N. E. 695; *Indianapolis Street Railway Company* v. *Marschke, supra; Indiana Union Traction Company* v. *Myers, Admx.* (1912), 47 Ind. App. 646, 93 N. E. 888; *Indianapolis Street Railway Company et al* v. *Bolin* (1906), 39 Ind. App. 169, 78 N. E. 210.

While the law may be otherwise in a few states the rule in Indiana, and we think the great weight of authority, is that a recovery may be had by one who could, by the exercise of ordinary care, have extricated himself had he known of the danger, but who fails to do so because he is unconscious of the peril, as in the instant case. See *Doolittle* v. *Union Traction Company, supra;* 45 Corpus Juris, p. 994, and cases cited, *supra.*

Tested by the rules applicable to last clear chance we believe that no reversible error was committed in giving said instruction 13.

But the appellant says the court committed reversible error in not permitting the witness Meyers to answer the following question: "Please state whether or not the Del-Mar Garage here was or was not a reasonably well equipped modern and ordinarily

safe garage, as it is planned and operated, as you have testified?" The garage had been described in the evidence before the jury and they would not be aided by the mere opinion of this witness in determining the facts involved in the question. Where the facts can be fully placed before the jury, opinion evidence, even from experts, is incompetent if the facts are of such a nature that jurors are as well qualified to form an opinion upon them as the witness. *Brunker* v. *Cummins* (1892), 133 Ind. 443, 32 N. E. 732.

We do not believe any error was committed in rejecting the evidence. The motion for a new trial was correctly overruled.

Judgment affirmed.