CHRISTINE BATES *v.* LEO BOUGHTON.

[No. 571A94. Filed February 10, 1972.]

*Patrick J. Hadler, John C. Christ,* of Indianapolis, for appellant.

*John R. Hiner, Grace M. Curry, Bingham, Summers, Welsh & Spilman,* of Indianapolis, for appellee.

WHITE, J.—Plaintiff-appellant while a pedestrian crossing within the marked crosswalk from the southeast to the northeast corner of Ohio Street where it intersects with Capitol Avenue in Indianapolis was struck by a car driven by defendant-appellee traveling west on Ohio. Plaintiff sought damages for her injuries in a negligence action against defendant. During the jury trial of the case it appeared from the testimony of some witnesses that plaintiff-pedestrian was crossing the street against a red light and had stepped into the path of defendant's automobile from in front of a bus. At the conclusion of the trial a verdict was returned for defendant.

Plaintiff-appellant's sole contention of error on appeal is the trial court's refusal to give her tendered instruction No. 2, which reads as follows:

"I instruct you that when the driver of a vehicle observes another person in a position of peril and if, by the exercise of reasonable care and diligence, he could avoid an injury to the person, then the driver's failure to exercise such care and diligence would constitute negligence for which said driver is responsible even though the person injured was also negligent, provided the driver's negligence and not that of the injured person was the proximate cause of the injury."

This specification of error presents two questions: 1) Is the instruction a proper statement of the doctrine of last clear chance? 2) Does the evidence warrant such an instruction? *DelMar Garage, Inc.* v. *Boden* (1932), 95 Ind. App. 317, 323, 179 N. E. 729. Unless both questions can be answered in the affirmative the trial court's refusal to give the instruction was not error. Since we affirm on a holding that plaintiff-appellant's instruction was an in-

correct or misleading statement of the last clear chance doctrine we do not answer the second question.

As this court noted in *Lewis* v. *Mackley* (1951), 122 Ind. App. 247, 253, 99 N. E. 2d 442:

> "The proper application of the doctrine of 'last clear chance' does not permit an injured person to recover in spite of negligence on his part contributing to the injury, but it does permit a recovery notwithstanding a want of due care on the part of the plaintiff in cases *where the facts are such that it may be said that plaintiff's want of due care was not the proximate cause of the injury. . . .*" (Emphasis added.) See, also, *Woodrow* v. *Woodrow* (1961), 131 Ind. App. 523, 532, 172 N. E. 2d 883.

In *National City Lines* v. *Hurst* (1969), 145 Ind. App. 278, 250 N. E. 2d 507, 510, 18 Ind. Dec. 420, 423, (quoting *Bayne* v. *Turner* (1968), 142 Ind. App. 580, 236 N. E. 2d 503, 506), we said:

> " 'The essential elements of last clear chance, as stated in the *Stallings* case [*Stallings* v. *Dick* (1965), 139 Ind. App. 118, 210 N. E. 2d 82], are as follows: (1) plaintiff must be in a position of peril; (2) defendant must have actual knowledge of plaintiff's peril; (3) defendant must have a later opportunity than the plaintiff to avoid the injury; (4) plaintiff must, if possible, extricate himself from his position of peril.'
>
> "The limits of the doctrine are narrow, and this is as it should be. It is intended to be limited to that special class of cases where, as was said in Indianapolis Traction, etc. Co. v. Croly, 54 Ind. App. 566, 587, 96 N. E. 973, 981, (1913), (Transfer denied). '. . . their chances are equal; but the motorman [defendant] actually possesses the knowledge of the danger and appreciates the necessity of taking steps to avoid the injury, while the person injured has no actual knowledge of his danger, and does not appreciate the necessity of taking steps to avoid it.' "

In that case we approved the giving of an instruction which states the essential elements of the doctrine of last clear chance thus:

"First: Both plaintiff and defendant are negligent;

"Second: Plaintiff is in a position of peril from which he cannot extricate himself;

"Third: Thereafter, the defendant discovers or becomes aware of the plaintiff's position of actual or imminent peril, and has the time and means to avoid the injury or damage but negligently fails to exercise ordinary care to do so; and

"Fourth: The defendant's failure to do so proximately results in injury to the plaintiff."[1]

The foregoing quotations demonstrate the variation in language which may be used to state the elements of the doctrine. But however stated

"it is apparent that in order to hold a defendant liable by the application of the rule, it must appear from the evidence that such defendant's opportunity of preventing the injury was later in point of time than that of the plaintiff, and that such defendant failed to take advantage of the last clear chance. The rule has been most frequently applied to a class of cases in which it appears that the person or property of the plaintiff has been injured by a collision with a locomotive, car, street car, automobile or other agency under control of the defendant or his agents, but other cases may arise in which the rule may find a proper application. The rule cannot be applied to every case in which it appears that an injury has been inflicted on the plaintiff or his property by a collision with an agency under the control of the defendant; but only in such of those cases as are brought within the operation of the rule by the facts disclosed by the evidence. Where the evidence in the case tends to show that the situation of the parties just prior to the injury was such that the defendant, by the exercise of due care, could have prevented it and that the plaintiff could not, then the rule becomes applicable. If, however, the undisputed evidence shows that the opportunity of the plaintiff, to avoid the injury, was as late or later than that of the defendant, the rule can have no application and the court should refuse to instruct upon the doctrine under consideration. In cases where the evidence is in conflict upon this point, or in cases where the undisputed evidence upon this question is of such a character that

---

1. That instruction is an adaptation of Pattern Instruction No. 5.45 with no significant or substantial change in language. See INDIANA PATTERN JURY INSTRUCTIONS (1966), p. 29.

reasonable minds might draw opposite inferences, the question should be submitted to the jury under proper instructions from the court.

"As we have heretofore said, the doctrine of last clear chance applies to cases only, where the defendant's opportunity of preventing the injury by the exercise of due care, was later in point of time than that of the plaintiff. This is a rule of universal application, and it affords the test of the applicability of the doctrine of a particular case."[2]

Plaintiff concedes that her tendered and refused instruction fails *expressly* to state in any of its variations this particular element of the doctrine, but contends that the instruction "sufficiently covers" it by the clause, "provided the driver's negligence and not that of the injured person was the proximate cause of the injury."

Plaintiff's sole authority to support that contention is an out-of-context quotation from *Hodgins* v. *Jones* (Mo. App. 1933), 64 S. W. 2d 309, 312. That case concerned the propriety and accuracy of an instruction involving Missouri's humanitarian doctrine which, although it evolved from the English doctrine of last clear chance, differs from it in many fundamental respects and most significantly in that it does not require either obliviousness or inextricability on the part of the plaintiff.[3]

We assume, *arguendo,* that every lawyer should know and understand that a plaintiff in peril who is aware of his peril

---

2. *Indianapolis Traction and Terminal Company* v. *Croly* (1911), 54 Ind. App. 566, 581, 96 N. E. 973, 979.

3. "As stated in Faught v. Washam, Mo., 329 S. W. 2d 588, 596, '* * * obliviousness and inextricability have not been essential to recovery under our humanitarian doctrine since "the principal opinion in Banks v. Morris & Co., 302 Mo. 254, 257 S. W. 482, overruled prior cases which had restricted the recognized causes of peril to obliviousness and inability to escape 'and laid down the broad rule that it is of no consequence *what* brings about *or continues* the peril, even though it be sheer hardihood or recklessness. This covers the whole range of self-exposure to peril from mere negligent inattention to utter, audacious and continuing disregard of known and avoidable danger.' * * *"'" *Miller* v. *St. Louis Public Service Co.* (Mo. App. 1964), 375 S. W. 2d 641, 643.

and can extricate himself, but fails to do so, is guilty of negligence which is a proximate cause of his injury. We may also assume that because of that knowledge every lawyer would understand that "provided the driver's negligence and not that of the injured person was the proximate cause of the injury" really means "that the injured person must extricate herself from her position of peril if she is aware of it and can extricate herself." As we said in *Montgomery* v. *Reily* (1970), 148 Ind. App. 54, 263 N. E. 2d 752, 756, 23 Ind. Dec. 520, 526, "[a] particularly astute jury, in the light of other instructions dealing with negligence, proximate cause, and contributory negligence, might be able to recognize" what was implied by the proviso and would have thus known that if plaintiff was aware of her position of peril and could have extricated herself, but failed to do so, she could not recover because she would have been guilty of negligence which was the proximate cause of her injury. But the law neither requires nor presumes that jurors possess that rare degree of astute perception. Rather, it requires that "[t]he law must come from the court, and be so declared that the jury can follow it without confusion." *Montgomery* v. *Reily, supra,* quoting *Harper* v. *James* (1965), 246 Ind. 131, 134, 203 N. E. 2d 531, 534, 4 Ind. Dec. 382, 385.

At best, the instruction is misleading. At worst, it is an erroneous statement of the law. In either event the trial judge committed no error in refusing to give it.

Judgment affirmed.

Buchanan and Sullivan, JJ., concur.

NOTE.—Reported in 278 N. E. 2d 316.