Rebecca BENNETT, Administratrix of the Estate of Carolyn F. Ogden, Appellant-Plaintiff,

v.

William E. CRAIG, Appellee-Defendant.

No. 1–581A173.

Court of Appeals of Indiana, First District.

Nov. 10, 1981.

Douglas C. Holland, Lawrenceburg, for appellant-plaintiff.

John F. Stroup, Lawrenceburg, for appellee-defendant.

ROBERTSON, Judge.

Rebecca Bennett (Bennett) Administratrix of the Estate of Carolyn F. Ogden (Ogden), appeals the judgment rendered in favor of William E. Craig (Craig). Bennett brought this action against Craig alleging fraud in connection with the purchase of a house. The jury found for Bennett but the trial court entered judgment for Craig pursuant to Craig's motion for judgment on the evidence contained in his motion to correct errors.

Judgment affirmed.

Ogden and Craig purchased a house together. Ogden and Craig lived together, along with Ogden's four children from a previous marriage, for approximately one and one half years. Ogden and Craig purchased the house as joint tenants with rights of survivorship. At the time of the purchase, Ogden and Craig intended to marry. Ogden made the down payment and made the monthly mortgage payments. The evidence was disputed as to whether Craig contributed to the monthly payment. Craig did some repairs and remodeling on the house, but the value of his services are disputed.

Craig and Ogden terminated their relationship and Craig moved out of the house in December of 1977. In March of 1979, Ogden was killed in an automobile accident. Craig filed an ejectment notice against Bennett shortly thereafter. Bennett then initiated this action alleging that Craig had misrepresented or fraudulently induced Ogden to give him a right of survivorship. Craig, in his motion to correct errors, challenged the sufficiency of Bennett's evidence, asserting that there was no evidence for the jury to find that Craig had either used undue influence or defrauded Ogden. The trial court granted Craig's motion for a judgment on the evidence.

On appeal, Bennett alleges the trial court erred in vacating the jury verdict and entering a judgment on behalf of Craig. When a trial court considers a motion for a judgment on the evidence subsequent to the jury verdict, it must view only the evidence favorable to the non-moving party and reasonable inferences to be drawn therefrom. The trial court may enter the judgment only if there is no substantial evidence or reasonable inference to support an essential element of the claim such that the evidence must point to a conclusion not reached by the jury. There must be a complete failure of proof. *Huff v. Travelers Indem. Co.*, (1977) 266 Ind. 414, 363 N.E.2d 985. In *McKeown v. Calusa*, (1977) 172 Ind.App. 1, 359 N.E.2d 550, *trans. denied*, we discussed judgments on the evidence and stated:

> "What the cases clearly suggest, however, is that the court is not free to indulge in the fact finder's function of weighing the evidence and resolving credibility determinations to grant a judgment on the evidence. On the other hand, unless there is some evidence of *probative value* (i. e., carrying the quality of proof and having fitness to induce conviction) upon each element of the claim, the motion is properly granted.
>
> Evidence, of course, is direct or circumstantial. There is normally little difficulty in determining whether direct evidence of probative value has been adduced upon an issue. The problem arises in the area of circumstantial evidence. If the ultimate fact in question exists as a reasonable inference from the circumstantial evidence, a TR 50 motion should be denied. Conversely, if the circumstantial evidence fails to create a reasonable inference of the ultimate fact, but merely leaves the possibility of its existence open for surmise, conjecture or speculation, then there is no evidence of probative value as to that ultimate fact, and the motion may be granted. As Judge Buchanan stated in *Mamula* [*v. Ford Motor Co.*, 150 Ind.App. 179, 275 N.E.2d 849] the trick is to tell the difference, and the answer depends upon the facts and circumstances of a given case."

172 Ind.App. at 4, 359 N.E.2d at 553. The review of the trial court's granting a judg-

ment notwithstanding the verdict is whether there is evidence of probative value to support each essential element of the plaintiff's claim. *Huff v. Travelers Indem. Co.*, supra.

██ Bennett alleged that Craig defrauded Ogden to obtain a right of survivorship. To sustain an action for fraud, the plaintiff must prove that a material representation of past or existing fact was made, which was untrue and known to be untrue or else recklessly made, that the other party relied on said representation, and the representation induced the other party to act to his detriment. *Fleetwood Corp. v. Mirich*, (1980) Ind.App., 404 N.E.2d 38. The trial court found that there was no evidence for the jury to find that Craig fraudulently induced Ogden to place his name on the deed. The essence of Bennett's claim is that Ogden was a very good mother who would have left the house to her children and that Ogden merely intended for Craig to be a co-signor of the mortgage with no interest in the property. Bennett also argues that her witnesses were able to rebut the testimony of Craig and his witnesses.[1] We remain unpersuaded that there was any evidence of probative value to demonstrate that Craig made any misrepresentations to induce Ogden to act to her detriment. Bennett only produced evidence which allowed the jury to speculate as to whether Craig acted fraudulently, and therefore, an essential element of her claim was not proved.

The judgment is affirmed.

NEAL, P. J., concurs.

YOUNG, J. (sitting by designation), concurs in the result.

---

1. Bennett places a great deal of reliance on statements made by Craig in his affidavit and deposition. Neither of these documents were offered into evidence.