310 S.E.2d 201

**BERKELEY HOMES, INC.**

v.

**Jerome RADOSH, Chicago Title Ins. Co., etc., et al.**

**No. 15902.**

Supreme Court of Appeals of West Virginia.

Dec. 13, 1983.

Richard L. Douglas and Michael B. Keller, Rice, Hannis & Douglas, Martinsburg, Braun A. Hamstead and Melody H. Gaidrich, Ralston, Hamstead & Manion, Charles Town, for appellants.

Jerome Radosh, Martinsburg, pro se.

NEELY, Justice.

In 1979 Jerome Radosh was a practicing lawyer in Berkeley County, West Virginia. Mr. Radosh was the bonded agent of the Chicago Title Insurance Company, which had granted him authority in 1976 to issue and countersign land title insurance policies and close real estate transactions on behalf of Chicago Title. The bond protected all parties in interest when Mr. Radosh served as escrow agent at a closing. Chicago Title had specifically bonded Mr. Radosh for transactions involving The Kissell Company of Charleston, West Virginia, which was a mortgage lender. As a direct result of Chicago's agreement to bond Mr. Radosh, Kissell appointed Mr. Radosh as its loan-closing agent for real estate mortgage loans originated by Kissell.

In November 1979, James and Patsy McCoy decided to buy a house from a real

estate developer, Berkeley Homes, Inc. The price of the house was $45,000 and the McCoys, with the help of Berkeley Homes itself, obtained mortgage financing from Kissell. Before closing the sale, Kissell forwarded the loan proceeds to Mr. Radosh by check payable to "Jerome Radosh, approved attorney for The Chicago Title Insurance Company", and Mr. Radosh deposited that check in his trust account. Under Mr. Radosh's management the sale was closed and, shortly thereafter, Mr. Radosh tendered his check for the net proceeds from the closing to plaintiff Berkeley Homes. Unfortunately for all concerned, Mr. Radosh's check bounced, causing Berkeley Homes substantial annoyance. When no one responsible for Mr. Radosh offered to pay Berkeley Homes, they brought this action against defendants Jerome Radosh, The Kissell Company and Chicago Title Insurance Company.

At the trial of this case in the Circuit Court of Berkeley County the jury entered an apparently inexplicable verdict: they held against both The Kissell Company and Chicago Title Insurance Company, but they held in favor of Mr. Radosh, finding that he was not liable to Berkeley Homes. At first blush this would appear an entirely surprising, to say nothing of irregular, result; however, the equities of the case make the jury's verdict entirely comprehensible.

Once Chicago Title discovered Mr. Radosh's default they persuaded Mr. Radosh and his wife, who was not a party to any of the transactions that affected Chicago Title, to execute a promissory note in the principal amount of $125,000, secured by a deed of trust encumbering their jointly-owned residential property, as indemnity to Chicago Title for any losses that Chicago might sustain because of Mr. Radosh's default in payment to Berkeley Homes and others. This fact was before the jury along with overwhelming evidence that Chicago Title had guaranteed Mr. Radosh's integrity as a closing agent and evidence that Chicago Title had not paid Berkeley Homes the money that Berkeley was entitled to receive from Chicago Title's insured agent, Mr. Radosh, as payment on the McCoy property.

Now not only the plaintiff, Berkeley Homes, comes to this court to appeal Mr. Radosh's exoneration in the suit, but both Chicago Title and Kissell also appeal because Mr. Radosh was not found liable. Berkeley wants a directed verdict against Mr. Radosh and both Chicago and Kissell want a new trial. In the trial court the defendants, Chicago Title and Kissell, both moved the court for a new trial and Berkeley moved for judgment notwithstanding the verdict against Mr. Radosh. The circuit court concluded that substantial justice had been done because Chicago had already secured its pound of flesh from Mr. Radosh through his note secured by the deed of trust. The trial court evidently concluded that the party both morally and legally obligated to pay, namely Chicago Title, should pay Berkeley Homes and receive its indemnity in due course from Mr. Radosh pursuant to Chicago Title's previous settlement with him.

Certainly the circuit court was correct in concluding that the innocent plaintiff should not be required to go through the time and expense of a new trial to collect money that should have been paid years before. It requires a careful review of the transcript, however, to fathom the circuit court's ruling that the plaintiff was not entitled to a directed verdict against Mr. Radosh. Nonetheless, given the way the law suit was tried by the parties we conclude the court committed no error and we affirm.

A careful reading of the plaintiff's instructions discloses that no instruction was offered explaining the circumstances under which Mr. Radosh would be liable. Obviously the plaintiff was interested in a judgment against the deep pocket of Chicago Title and not the exhausted defaulter, Mr. Radosh. Consequently, all of the plaintiff's instructions assumed the liability of Mr. Radosh and proceeded to other issues, namely the liability of Chicago Title, the liability of Kissell (whose agent Mr. Radosh also was) and the liability of Mr. Radosh's law partner, Steven Askin. At no point in the instructions were the jury informed that they must determine the liability of

Mr. Radosh as a threshold issue, and then, depending upon how they resolved the issue of Mr. Radosh's liability, they should determine the liability of his principals. Furthermore, neither Chicago Title nor Kissell offered instructions directing the jury to determine Mr. Radosh's liability. In fact, everyone in this law suit, including Mr. Radosh, assumed that Mr. Radosh was culpable. Taken together, the clear tenor of the jury instructions was that the issue was whether Chicago Title and Kissell should cough up.

Apparently the jury were concerned, and understandably so, that Mr. Radosh would be made to pay twice. Certainly Chicago Title's prior conduct, particularly their requiring innocent Berkeley Homes to file suit to collect an open and shut debt, would not lead anyone to believe that Chicago Title would be above trying to exact double payment. Apparently the jury did not understand the legal effect of Mr. Radosh's prior settlement. The information concerning Mr. Radosh's settlement with Chicago Title was presented to the jury, but neither the plaintiff, Kissell, nor Chicago Title bothered to explain to the jury what bearing Chicago's settlement with Mr. Radosh would have upon double collection, or to explain how the whole complicated question of cross liability would ultimately be sorted out.

Because there was not one single instruction in this case informing the jury that under a certain set of facts they should find the defendant Mr. Radosh liable, we cannot conclude that the trial court erred either in failing to set the verdict aside and award a new trial, or in failing to grant a judgment notwithstanding the verdict against Mr. Radosh. After all, the lawyers are responsible for trying law suits—it is the lawyers who must present a theory of the case, present the evidence necessary to prove that theory, and then offer appropriate instructions.

■ It is well settled that if a party fails to offer an instruction regarding a particular point of law upon which he relies, he cannot later complain of the absence of such an instruction, there being no duty upon the court to so instruct the jury except when the error is so plain and the result so outrageous that the trial court must intervene to do substantial justice. *See Ferguson v. R.E. Ball and Company*, 153 W.Va. 882, 888, 173 S.E.2d 83, 86 (1970); *Henry C. Werner Co. v. Calhoun*, 55 W.Va. 246, 249, 46 S.E. 1024, 1025 (1904); *Bloyd v. Pollock*, 27 W.Va. 75, 143 (1885); *North River Insurance Company v. Davis*, 274 F.Supp. 146, 153 (W.D.Va. 1967), *aff'd*, 392 F.2d 571 (4th Cir.1968). This case hardly fits within our modern exceptions because it is a routine commercial case in which substantial justice has been done.

■ With certain exceptions, this principle extends even to criminal cases:

"A court, though asked, is not bound to instruct a jury generally as to the law of the case. Instructions as to specific law points ought to be asked. A court may, without request, if it think the interest of justice and a fair trial call for it, instruct the jury in matter of law, the instruction being sound in law and relevant to the evidence; but it is not bound to do so unless asked; but, if asked to give such proper specific instructions, it must do so." Syl. pt. 5, *State v. Cobbs*, 40 W.Va. 718, 22 S.E. 310 (1895), *overruled on other grounds*, 117 W.Va. 605, 186 S.E. 607 (1936).

■ If there was error committed in this case, it was committed by the plaintiff, Chicago Title and Kissell, in failing to submit instructions to the judge that would appropriately guide the jury in their deliberations. Furthermore, the result in this case is perfect. The party who should pay, namely Chicago Title, is required to pay; the party who was injured, namely Berkeley Homes, is going to get the money that they should have gotten years ago; and Mr. Radosh will either reimburse Chicago or his property will be sold. Accordingly, the judgment of the Circuit Court of Berkeley County is affirmed.

Affirmed.