412 S.E.2d 756

**Jay W. WAUGH and Roxanne Waugh, Plaintiffs Below, Appellants,**

v.

**Marva TRAXLER, Defendant Below, Appellee.**

**No. 19947.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 11, 1991.

Decided Dec. 13, 1991.

William B. Carey, Berkeley Springs, for appellants.

William Richard McCune, Jr., Dale Buck, Jackson & Kelly, Martinsburg, for appellee.

WORKMAN, Justice:

This is an appeal by Jay Waugh and his wife Roxanne Waugh from a final judgment of the Circuit Court of Morgan County, entered pursuant to a jury verdict, which found no negligence on the part of the appellee, Marva Traxler. The appellants contend that the lower court erred (1) by refusing to rule that Mrs. Traxler was guilty of negligence as a matter of law; (2) by instructing the jury that the plaintiffs had the burden of proof in proving negligence even after the plaintiffs have established a *prima facie* case of negligence; (3) by amending plaintiffs' instructions setting forth the legal duties of a driver to inform the jury that the duties were not absolute duties, just desired goals; and, (4) by ruling that Mrs. Waugh had no claim for which she could recover damages and that the appellee was not liable for punitive damages. We disagree with the contentions of the appellants, find no reversible error, and therefore affirm the decision of the Circuit Court of Morgan County.

## I.

At approximately 11:30 a.m. on January 28, 1986, appellant Jay Waugh was driving in an easternly direction on a secondary road in Morgan County, West Virginia. Larry Waugh, his wife Tammy, and their son were also in the vehicle. The appellee was operating her automobile and proceeding in the opposite direction on the secondary road. The appellee's vehicle crossed the center line of the icy roadway and struck the appellants' oncoming vehicle.[1] Both vehicles were totaled, and three people, including the appellee Mrs. Traxler and two individuals in the appellants' vehicle, were injured.

Based upon the appellee's admission to the investigating officer that she had lost control of her vehicle, the appellants moved for a directed verdict at trial. The appellants argued that a *prima facie* presumption of negligence exists where an individual has violated traffic law and that the appellee was negligent as a matter of law. The lower court denied the appellants' motion for a directed verdict, and the case proceeded to trial. The jury found no negligence on the part of the appellee. The appellants filed a motion requesting the lower court to either (1) set aside the verdict and grant a directed verdict on the issue of negligence with a new trial on the issue of damages; or, (2) to grant a new trial on the issue of negligence and damages. The lower court denied the appellants' motion, and the appellants now appeal to this Court.

## II.

■ The appellants first contend that the lower court erred in refusing to rule that the appellee Mrs. Traxler was guilty of negligence as a matter of law. The appellants emphasize four specific legal duties allegedly violated by the appellee. The appellants assert that a driver has a duty, first, to keep a lookout for oncoming traffic and other sources of danger; second, to drive in one's own lane of traffic except in certain situations such as parades, funerals, etc.; third, to drive at a safe and reasonable rate of speed considering all prevailing circumstances; and, fourth, to keep one's motor vehicle under control.

The appellant asserts that the second and third requirements are matters of statutory law contained in W.Va.Code § 17C-7-1 (1991) and § 17C-6-1 (1991), respectively.[2]

---

1. County Road 38/5 was an unpaved, rural road. The accident occurred on a portion of the road which was straight for several hundred yards. Road conditions were icy at the time of the accident and had been so for many hours prior to the collision.

2. West Virginia Code § 17C-7-1(a) provides as follows:

(a) Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows:

Accepting those four principles as valid, it is apparent that at least two of them must be determined through subjective analysis of the facts. A determination of whether a lookout is kept for oncoming traffic, for instance, is largely a matter to be decided by a jury after hearing all testimony regarding the circumstances of the accident. Likewise, whether a speed, if within set speed limits, is "safe and reasonable ... considering all prevailing circumstances" is a matter correctly assigned to the jury for determination.

█ " ' "Questions of negligence, due care, proximate cause and concurrent negligence present issues of fact for jury determination when the evidence pertaining to such issues is conflicting or where the facts, even though undisputed, are such that reasonable men may draw different conclusions from them." Syl. Pt. 1, *Ratlief v. Yokum* [167 W.Va. 779]; 280 S.E.2d 584 (W.Va.1981), *quoting,* Syl. Pt. 5, *Hatten v. Mason Realty Co.,* 148 W.Va. 380, 135 S.E.2d 236 (1964).' Syllabus Point 6, *McAllister v. Weirton Hosp. Co.,* 173 W.Va. 75, 312 S.E.2d 738 (1983)." Syl.Pt. 17, *Anderson v. Moulder,* 183 W.Va. 77, 394 S.E.2d 61 (1990). The jury in the present case had an opportunity to hear the evidence presented and to weigh the credibility of the witnesses. It determined that no negligence existed on the part of the appellee, and we discern no justification for disturbing that determination.

█ With regard to the more objective principles, however, those of control and remaining in one's own lane of traffic, the undisputed evidence in this case indicates violation by the appellee of those statutes. Yet the violation itself, as the jury appears to have understood, is not the equivalent of negligence. As we have previously explained, "the violation of a statute is *prima facie* negligence and not negligence *per se.*" *Spurlin v. Nardo,* 145 W.Va. 408, 415, 114 S.E.2d 913, 918 (1960). In *Flanagan v. Mott,* 145 W.Va. 220, 226, 114 S.E.2d 331, 335 (1960), we explained that "[o]nly a rebuttable prima facie presumption of negligence arises on a showing that the statute was violated." Likewise, in syllabus point 1 of *Anderson,* 183 W.Va. at 79, 394 S.E.2d at 63, we stated that "[v]iolation of a statute is *prima facie* evidence of negligence. In order to be actionable, such violation must be the proximate cause of the plaintiff's injury." *See also Pickett v. Taylor,* 178 W.Va. 805, 364 S.E.2d 818 (1987); Syl. Pt. 3, *Oldfield v. Woodall,* 113 W.Va. 35, 166 S.E. 691 (1932).

With specific reference to the statutory duty created by West Virginia Code § 17C–7–1(a) to drive "upon the right half of the roadway" except in certain circumstances irrelevant to this matter, we believe that the undisputed facts indicate a violation of the statute and the concomitant creation of a rebuttable *prima facie* presumption of negligence. However, the establishment of a *prima facie* presumption of negligence is only the beginning of the inquiry. The jury must next determine, from the facts presented, whether the presumption was effectively rebutted.

We have never squarely addressed the issue of what evidence a party must produce in order to overcome or rebut the presumption of negligence in the context of a traffic violation. However, in a more fact specific example of the rebuttal of a *prima facie* showing of negligence, we have explained that a licensee who sold beer to a minor in violation of West Virginia Code § 11–16–18(a)(3) may rebut the

---

(1) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement;
(2) When the right half of a roadway is closed to traffic while under construction or repair;
(3) Upon a roadway divided into three marked lanes for traffic under the rules applicable thereon; or
(4) Upon a roadway designated and signposted for one-way traffic.

West Virginia Code § 17C–6–1(a) provides as follows:

(a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards, then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highways in compliance with legal requirements and the duty of all persons to use due care.

*prima facie* showing of negligence by "demonstrating that the purchaser appeared to be of age and that the vendor used reasonable means of identification to ascertain his age." *Anderson,* 183 W.Va. at 84, 394 S.E.2d at 68.

In *Witham v. Norfolk & Western Ry. Co.,* 561 N.E.2d 484 (Ind.1990), the Supreme Court of Indiana encountered a situation wherein a motorist was injured when his automobile was struck by a train. In addressing an alleged violation of a traffic statute, the *Witham* court recognized the established principle that "[p]roof of the violation of a safety regulation creates a rebuttable presumption of negligence." *Id.* at 485. "However, the presumption may be rebutted by evidence that the person violating the statute 'did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law.'" *Id.* (quoting *Davison v. Williams,* 251 Ind. 448, 457, 242 N.E.2d 101, 105 (1968)). The *Witham* Court noted that the standard had also been expressed as " 'in spite of the exercise of reasonable care the violation nonetheless occurred.'" *Id.* (quoting *Kurowsky v. Deutsch,* 533 N.E.2d 1210, 1214 (Ind.1989)).

Similarly, in *Leikin v. Wilson,* 445 A.2d 993 (D.C.App.1982), the District of Columbia Court of Appeals held that a defendant's failure to comply with traffic regulations created a presumption of negligence. "To rebut this presumption, the defendant must produce sufficient competent evidence to justify a finding that the defendant did all a reasonable person who wished to comply with the law would do." *Id.* at 1001. Although the defendant's brakes in *Leikin* were defective, in violation of statute, and the brake failure caused the accident, the lower court found that the defendant neither knew nor reasonably could have known that the brakes were defective. *Id.* at 1003. The trial court had found no negligence on the part of the defendant, and the District of Columbia Court of Appeals affirmed, stating that the evidence supported a finding that the defendant had effectively rebutted the presumption of negligence. *Id.* at 1002.

■ We adopt the standard enunciated by these jurisdictions as consistent with the standards we have previously adopted regarding the creation of a rebuttable *prima facie* presumption of negligence. We consequently hold that the *prima facie* presumption of negligence created upon violation of a traffic statute or safety regulation may be rebutted by evidence tending to show that the person violating the statute did what might reasonably have been expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law.

■ In the present case, the appellee offered evidence of her recognition of the hazardous conditions and her attempts to prevent the accident. She departed for work especially early on January 28, 1986, because she realized that the roads were hazardous. She further testified that she was fully aware of the hazardous conditions and had exercised extreme caution in the operation of her vehicle. She also directs attention to the testimony of State Police Trooper L.D. Bradley to the effect that even he was unable to appreciate the full extent of the icy conditions until he stepped out of his vehicle and attempted to walk on the road. She explained that she was exercising caution in driving but was unable to avoid the accident due to the icy conditions.

As we have previously recognized, " '[t]he mere fact that an automobile skids on the road is not alone evidence of negligence on the part of the driver.'" *White v. Lock,* 175 W.Va. 227, 232, 332 S.E.2d 240, 244 (1985) (quoting *Sigmon v. Mundy,* 125 W.Va. 591, 25 S.E.2d 636 (1943); *Woodley v. Steiner,* 112 W.Va. 356, 164 S.E. 294 (1932)). Upon appellate review of an issue such as that presented herein, the proper inquiry is whether the evidence, when weighed in a light most favorable to the appellee, supports the jury's verdict. In other words, do the facts support a finding that the appellee adequately rebutted the *prima facie* presumption of negligence established by the appellants?

■ " 'In determining whether there is sufficient evidence to support a jury verdict the court should: (1) consider the evidence most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved by the jury in favor of the prevailing party; (3) assume as proved all facts which the prevailing party's evidence tends to prove; and (4) give to the prevailing party the benefit of all favorable inferences which reasonably may be drawn from the facts proved.' Syllabus Point 5, *Orr v. Crowder,* 173 W.Va. 335, 315 S.E.2d 593 (1983), *cert. denied,* 469 U.S. 981, 105 S.Ct. 384, 83 L.Ed.2d 319 (1984)." Syl. Pt. 2, *Jarvis v. Modern Woodmen of America,* 185 W.Va. 305, 406 S.E.2d 736 (1991). We believe, upon our review of this matter, that the evidence was sufficient to support a jury determination that the appellee did what might reasonably have been expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law. Consequently, we find no reason to disturb the determination of the Morgan County jury.

### III.

■ The appellants next contend that the lower court incorrectly amended two of their instructions, setting forth the legal duties of a driver operating a motor vehicle on a public highway, in such manner as to indicate to the jury that these were not absolute duties, but simply desired goals. Instruction number one, with the questioned amendment italicized, provided as follows:

> The Court instructs the jury that any motorist driving an automobile or other vehicle on a public highway in West Virginia is required by law of this state to *exercise ordinary and reasonable care*

*to* drive only on the right half of the road. . . .

Instruction number three, in pertinent part with the questioned amendment italicized, provided as follows:

> You are further instructed that a driver of a motor vehicle on a public highway has a duty to *use ordinary care to* operate in such a way that it can be slowed, stopped, or turned to avoid colliding with any person or other vehicle within the driver's range of vision.

Thus, it is the insertion of the phrases "exercise ordinary and reasonable care" and "use ordinary care" to which the appellants object. The appellants contend that the questioned amendments diluted the meaning of the instruction and should not have been permitted.

The appellee, in requesting the questioned amendment, was apparently attempting to convey to the jury the correct legal principle that the act of crossing the center line, for instance, does not, in and of itself, create absolute liability or negligence *per se.* Only a *prima facie* presumption is created, and the violator is subsequently afforded the opportunity to rebut the presumption with evidence of due care, caution, exigent circumstances, etc. Perhaps the particular manner chosen to convey that concept could have been drafted more effectively; however, we do not believe that the instructions as amended and read to the jury were in error.

While we do not find the instructions to be in error, we would caution that future instructions, if based upon specific statutes, should be tailored more carefully to the precise language employed in the statute. Such practice may alleviate future questions of this nature and will certainly provide the jury with a concrete basis upon which its judgment may be based.[3]

---

**3.** In the appellants' second assignment of error, they contend that the lower court erred by instructing the jury that the plaintiffs had the burden of proving negligence even after they had established a *prima facia* case of negligence. However, the appellants open their discussion of that assignment of error by stating that they do not wish to emphasize that assignment on appeal due to research undertaken subsequent to their original petition for appeal through which they discovered the error of their previous argument. We consequently will not address this assignment.

As their final assignment of error, the appellants assert that the lower court erroneously determined that Mrs. Waugh had presented no claim for which she could recover damages and that the appellee was not liable for punitive damages. It is not necessary for us to address this assignment of error relating to damages

Based upon the foregoing, we affirm the decision of the Circuit Court of Morgan County.

Affirmed.

due to our conclusion that the jury's verdict of no liability should not be disturbed.