423 S.E.2d 641

**Sam G. KAPOURALES, d/b/a Kapourales Enterprises, Plaintiff Below, Appellee,**

v.

**SUMMIT CORPORATION, Defendant Below, Appellant.**

**No. 20852.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 15, 1992.

Decided Nov. 12, 1992.

S. Douglas Adkins, Mundy and Adkins, Huntington, for appellee.

Johnnie E. Brown, Christopher J. Heavens, McQueen and Brown, Charleston, for appellant.

PER CURIAM:

Summit Corporation appeals the order of the Circuit Court of Mingo County, which, after a jury verdict in favor of Summit, granted Sam Kapourales, d/b/a Kapourales Enterprises, a new trial. On appeal, Summit argues that the circuit court erred in granting a new trial because the jury verdict was not against the weight of the evidence and the jury's failure to consider strict liability was not an error because the jury instruction on strict liability was withdrawn. Because the circuit court should not have granted a new trial, we reverse and reinstate the jury verdict in favor of Summit.

In September 1986, Summit, as part of the City of Williamson's project to improve its water and sewer system, began to install a lift station near the intersection of Third Avenue and Dickerson Street. The lift station, a device used to collect and pump the sewage to a treatment plant, was constructed approximately thirty (30) feet from a building owned by Mr. Kapourales. The building, which was purchased by Mr. Kapourales in July 1986, was about 80 years old and was used mainly as a warehouse.

Mr. Kapourales alleges that shortly after the start of the lift station's construction, cracks developed or worsened in the building's walls closest to the lift station. Mr. Kapourales filed suit alleging that the negligent construction of the lift station disturbed the water table, causing the build-

ing's foundation to shift, which in turn caused the walls to crack.

During the trial Mr. Kapourales and an employee testified that in July 1986 they inspected the building before Mr. Kapourales purchased it and except for a hairline crack at the top of the building, there were no cracks in the outside walls. Both also testified that shortly after the lift station's construction began, cracks developed in certain places and worsened in others. Mr. Kapourales also said that the ground was severely shaken by pile driving that was part of the lift station's construction. John Messerian, a civil engineer, testified for Mr. Kapourales that the cracks were caused when the construction of the lift station disturbed the water table under the building's foundation. Mr. Messerian said that before starting construction Summit should have tested the soil by core drilling to determine how the lift station would affect the water table and the soil.

Summit maintained that the building's cracks pre-existed the lift station's construction. Summit produced photographs showing that paint from 1983, the last time the building was painted, had dripped into the cracks and the paint extended inside the cracks. One photograph showed a mortar bridge that had been painted crossing the crack. An employee of Summit testified that he had examined the building before the construction began and saw the cracks. The employee also took before and after construction photographs showing that the cracks remained unchanged. Larry Nottingham, Ph.D., a civil engineer specializing in geo-technical engineering, testified that the area's soil was not susceptible to erosion caused by a shifting water table. Noting the paint inside the building's cracks, Dr. Nottingham said that the cracks occurred sometime before the building was painted in 1983. Based on his soil testing and the paint in the cracks, Dr. Nottingham concluded that the construction of the lift station did not cause the building's cracks.

After the jury returned a verdict in favor of Summit, Mr. Kapourales made a motion for a new trial. In considering the motion for a new trial, the circuit court voiced his concerns that "this is a strict liability case" and that an instruction on strict liability was withdrawn because of "off-the-record arm twisting on my [the circuit court's] part." Concluding that the verdict was against the evidence and that an instruction on strict liability should have been given, the circuit court ordered a new trial. Summit then appealed to this Court.

### I

■ An order of the circuit court awarding a new trial will not be reversed unless it is clearly unwarranted. In Syllabus Point 1, *Morris Associates, Inc. v. Priddy*, 181 W.Va. 588, 383 S.E.2d 770 (1989), we stated:

> " 'The judgment of a trial court in setting aside a verdict and awarding a new trial is entitled to peculiar weight and its action in this respect will not be disturbed on appeal unless plainly unwarranted.' Syllabus point 3, *Young v. Duffield*, 152 W.Va. 283, 162 S.E.2d 285 (1968)." Syllabus Point 4, *Kesner v. Trenton*, 158 W.Va. 997, 216 S.E.2d 880 (1975).

Summit maintains that the order of the circuit court granting a new trial was clearly unwarranted because there was conflicting evidence concerning when the cracks developed and the cause of the cracks. Summit argues that given the conflicting evidence, the jury's resolution of the factual question should not have been disturbed. Mr. Kapourales maintains that the order granting him a new trial was justified because of the overwhelming evidence showing that the building's cracks occurred as a result of the lift station's construction.

■ Based on our review of the record, we find that there was conflicting evidence concerning when the cracks developed and what caused the cracks. We have repeatedly held that questions of negligence, due care, proximate cause and concurrent negligence are for jury determination when the evidence is conflicting or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them. Syllabus Point 1, *Waugh*

*v. Traxler*, 186 W.Va. 355, 412 S.E.2d 756 (1991); Syllabus Point 3, *Dawson v. Woodson*, 180 W.Va. 307, 376 S.E.2d 321 (1988); Syllabus Point 1, *Ratlief v. Yokum*, 167 W.Va. 779, 280 S.E.2d 584 (1981); Syllabus Point 5, *Hatten v. Mason Realty Co.*, 148 W.Va. 380, 135 S.E.2d 236 (1964). *See also* Syllabus Point 6, *McAllister v. Weirton Hosp. Co.*, 173 W.Va. 75, 312 S.E.2d 738 (1983); Syllabus Point 5, *Robertson v. LeMaster*, 171 W.Va. 607, 301 S.E.2d 563 (1983); Syllabus Point 3, *Davis v. Sargent*, 138 W.Va. 861, 78 S.E.2d 217 (1953).

■ After hearing the conflicting evidence, the jury returned a verdict in favor of Summit and based on our review of the record, we cannot say that the jury was clearly wrong. Although the judgment of a circuit court setting aside a jury verdict is entitled to peculiar weight, in the present case, the circuit court's awarding of a new trial was clearly unwarranted because the conflicting evidence presented a factual question that was appropriate for resolution by the jury. We find that the jury's resolution of a factual question was not against the weight of the evidence and, therefore, the circuit court was not justified in awarding a new trial on that basis.

### II

■ Mr. Kapourales also argues that the circuit court's grant of a new trial was justified because his requested instruction on strict liability was refused. Mr. Kapourales alleges that the record contains no information about his strict liability instruction, because the circuit court, in a off-the-record conversation, coerced him into withdrawing the instruction. After the jury verdict, the circuit court indicated that he felt that this was a strict liability case and that the circuit court had contributed to the error by "off-the-record arm twisting" that resulted in Mr. Kapourales' withdrawal of the instruction. In its brief Summit maintains that it was not privy to these off-the-record conferences.

■ We have long held that "[a] verdict will not be disturbed for want of a proper instruction, unless it was requested and refused...." Syllabus Point 5, in part, *Henry C. Werner Company v. Calhoun*, 55 W.Va. 246, 46 S.E. 1024 (1904). *In Accord* Syllabus Point 1, *McAllister v. Weirton Hosp. Co., supra.* In *McAllister*,

we refused to find an error in the circuit court's failure to give an instruction on the theory of aggravation of an existing injury because the plaintiff failed to request such an instruction. We said, "It is not incumbent upon trial judges to exercise clairvoyance in determining what instructions are desired, particularly when tangential issues or theories of recovery are involved." *McAllister, id.* 173 W.Va. at 78, 312 S.E.2d at 742. In *Berkeley Homes, Inc. v. Radosh*, 172 W.Va. 683, 686, 310 S.E.2d 201, 203 (1983), we said:

It is well settled that if a party fails to offer an instruction regarding a particular point of law upon which he relies, he cannot later complain of the absence of such an instruction, there being no duty upon the court to so instruct the jury except when the error is so plain and the result so outrageous that the trial court must intervene to do substantial justice. (Citations omitted).

For the above stated reasons, we reverse the order of the Circuit Court of Mingo County granting a new trial and reinstate the jury verdict in favor of Summit Corporation.

Reversed.