509 S.E.2d 888

**Roberta Taylor ROTH, Appellant,**

v.

**Steven CONNOLLY, Appellee.**

**No. 25207.**

Supreme Court of Appeals of
West Virginia.

Submitted Nov. 12, 1998.

Decided Dec. 8, 1998.

that event occurs, we do not believe a mentor-ship would be appropriate.

Phillip M. Stowers, Esq., Stowers & Associates, Charleston, West Virginia, Attorney for Appellant.

Brent K. Kesner, Esq., Linda Gay, Esq., Kesner, Kesner & Bramble, Charleston, West Virginia, Attorney for the Appellee.

PER CURIAM:

This case is before the Court upon an appeal of the Appellant, Roberta Taylor Roth, from the December 4, 1997, order of the Circuit Court of Kanawha County denying the Appellant's post-trial motion for judgment notwithstanding the verdict, or in the alternative, for a new trial. The Appellant argues that the lower court committed the following errors: 1) instructed the jury improperly that the defense of a sudden emergency was available to the Appellee, Steven Connolly, when there was no evidence of a sudden emergency; 2) gave an erroneous sudden emergency instruction, because the instruction did not state the existence of an emergency requiring a rapid decision is but one factor in the total comparative fault analysis; 3) refused to instruct the jury as to the law of comparative negligence where said instruction was properly requested by a party and the testimony clearly raised questions of comparative fault; 4) failed to place the doctrine of sudden emergency within the context of comparative fault; and 5) confused the jury, hopelessly and prejudicially, as to

the law governing the issues in the case by including an erroneous sudden emergency instruction combined with the omission of an instruction and special interrogatory regarding comparative negligence.[1] Having reviewed the record,[2] the parties' briefs and arguments, as well as all other matters submitted before this Court, we reverse and remand this case for a new trial, because the lower court erred in giving a sudden emergency instruction and refusing to give a comparative negligence instruction.

## I. FACTS

On June 22, 1993, a collision occurred involving the Appellant's vehicle and the Appellee's vehicle at the intersection of Big Tyler Road and Cross Lanes Drive in Cross Lanes, West Virginia. According to the testimony of both parties, the Appellee's vehicle was directly behind the Appellant's vehicle at the above-mentioned intersection. Both vehicles were attempting to merge from Cross Lanes Drive into traffic on Big Tyler Road.

The Appellant testified that she looked in her rear view mirror and saw the Appellee's truck approaching. She stated that she "assumed" the driver of the truck was slowing down. She further testified that "[t]hen I turned my neck to the left, and I saw a white car coming. I was waiting for the white car to come, and then it would be clear. Then I felt a huge bump[,]" when the Appellee's vehicle struck her vehicle.

The Appellee testified that he had observed the Appellant's stopped vehicle as it was waiting to attempt to merge onto Big Tyler Road. The Appellee stated:

I proceeded up to the intersection. Ms. Roth's vehicle was in front of me. She was stopped. There's a slight incline there that you merge onto the [Big Tyler] road. I saw that she had started to go because there was a break in traffic. I let my foot off the break. I looked to the left to make sure there was still enough of a period for me to go through, and two to three seconds after I took my foot off the brake I felt my truck stop. I looked, and I had rolled into the back of her car.

At trial, the Appellant argued that the Appellee was negligent because he: 1) failed to keep a lookout in that he was driving forward while his eyes were fixed over his shoulder to his left and, therefore, he failed to see the Appellant's vehicle; 2) failed to

---

1. Both of the Appellant's assignments of error numbered one and two essentially concern the sudden emergency instruction which was given and are combined and addressed by this Court as a single issue.

   Further, assignments of error numbered 2, 4 and 5 all concern whether the sudden emergency instruction should have been placed in the context of comparative negligence. We recently held in syllabus point four of *Moran v. Atha Trucking, Inc.*, Nos. 24012, 24081, —— W.Va. ——, —— S.E.2d ——, 1997 WL 751960 (W.Va. December 5, 1997), that
   > A jury instruction concerning a sudden emergency must state that the existence of an emergency requiring a rapid decision is *one factor* in the total comparative fault analysis. Such an instruction should be included in the instruction on determining the comparative negligence of the parties and should not be a separate instruction.

   We further stated in *Moran*, however, that "the above guidelines [referring to the new syllabus points] are to be utilized in the future by trial courts in those rare cases in which a sudden emergency instruction is necessary." *Id.* at ——, —— S.E.2d at ——, 1997 WL 751960, at *12. Thus, the law enunciated in *Moran* has prospective application only and does not effect the

outcome of the present case, although it offers guidance in our decision. It is, therefore, clear that prior to *Moran*, this Court had not addressed whether the sudden emergency doctrine had to be given in the context of comparative negligence. To the extent that the Appellant argues that *Moran* governs the instant case, that is incorrect. We only address the issue of whether the comparative negligence instruction should be given based upon the evidence presented to the trial court.

2. For purposes of this appeal, the Appellant only designated the following portions of the record: 1) the trial testimony of the Appellee, Steven Connolly, Eric Daniel Taylor and the Appellant, Roberta Taylor Roth; 2) the April 3, 1997, judgment order; 3) the Appellant's motion for judgment notwithstanding the verdict and, in the alternative, for a new trial; 4) the Appellee's memorandum in opposition to the Appellant's motion for judgment notwithstanding the verdict and, in the alternative, for a new trial; and 5) the December 4, 1997, order denying the Appellant's motion. While the Appellee designated the entire record on appeal, the entire trial transcript was never made a part of that record and, therefore, we only have before us those portions designated by the Appellant.

maintain a safe distance between his vehicle and the Appellant's vehicle; and 3) failed to maintain control of his vehicle. Conversely, the Appellee argued that he was confronted with a sudden emergency caused by his belief that the Appellant had sufficient space in which to merge onto Big Tyler Road and that she stopped her vehicle without good reason.

The trial court, over the Appellant's objection,[3] gave the following sudden emergency instruction:

A person who is suddenly and unexpectedly confronted with a danger to himself or others, not caused by his own negligence, is not required to use the same judgment that is required of him in calmer and more deliberate moments. He is required to use only the care that a reasonably careful person would use in the same situation. Accordingly, if you find from the circumstances that the defendant, Steven Connolly, was confronted with a sudden emergency, not created by his actions, then you may consider such circumstances in determining whether defendant, Steven Connolly, was negligent in causing the accident at issue herein.

The Appellant also requested that the trial court instruct the jury regarding comparative fault. The trial court refused to give the Appellant's proposed instruction concerning comparative fault, stating in its December 4, 1997, order:

That there existed no basis from the evidence to instruction [sic] the jury as to comparative negligence, and it was not error for the Court to refuse a comparative negligence instruction when the same was requested by Plaintiff, inasmuch as the comparative negligence instruction was requested by Plaintiff so as to relate to the Plaintiff herself, rather than to the Defendant.

3. In the December 4, 1997, order dealing with post-trial motions, the trial court affirmed its decision to give the sudden emergency instruction, stating:
  The instruction as to sudden emergency was properly given in connection with the facts of the case at hand and, furthermore, the instruction included within it the parameters by

At the close of the presentation of all the evidence, the jury returned a verdict in favor of the Appellee.

## II. ISSUES

### A.

The first issue is whether the lower court erred in instructing the jury regarding the sudden emergency doctrine in light of the evidence presented. At the outset, we note that the standard of review utilized in determining whether the trial court properly instructed the jury is set forth as follows:

'A trial court ... has broad discretion in formulating its charge to the jury, so long as the charge accurately reflects the law.' Syllabus Point 4, in part, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). 'Whether facts are sufficient to justify the delivery of a particular instruction is reviewed by this Court under an abuse of discretion standard.' Syllabus Point 12, in part, *State v. Derr*, 192 W.Va. 165, 451 S.E.2d 731 (1994). Upon review, '[i]t will be presumed that a trial court acted correctly in giving or in refusing to give instructions to the jury, unless it appears from the record in the case that the instructions given were prejudicially erroneous or that the instructions refused were correct and should have been given.' Syllabus Point 1, *State v. Turner*, 137 W.Va. 122, 70 S.E.2d 249 (1952). This Court has recognized, however, that '[a]n instruction should not be given when there is no evidence tending to prove the theory upon which the instruction is based.' Syllabus Point 4, *Hovermale v. Berkeley Springs Moose Lodge No.* 1483, 165 W.Va. 689, 271 S.E.2d 335 (1980).

*Moran v. Atha Trucking, Inc.*, Nos. 24012, 24081, —— W.Va. ——, —— S.E.2d ——, 1997 WL 751960, at *3 (W.Va. December 5, 1997).

which the doctrine of sudden emergency would not apply. That is, the jury was specifically instructed that the doctrine would only apply in instances where the Defendant was suddenly and unexpectedly confronted with a danger to himself or others, not caused by his own negligence.

At the crux of this appeal is whether the evidence presented below supports the trial court instructing the jury regarding the sudden emergency doctrine. The sudden emergency doctrine is set forth in syllabus point three of *Poe v. Pittman*, 150 W.Va. 179, 144 S.E.2d 671 (1965):

A person in a sudden emergency, not created in whole or in part by his own negligence, who acts according to his best judgment or who, because of insufficient time for reflection, fails to act in the most judicious manner, is not guilty of negligence if he exercises the degree of care which would be exercised by a reasonably prudent person in like circumstances.

*Id.* at 179–80, 144 S.E.2d at 673, Syl. Pt. 3. We analyzed the applicability of the sudden emergency doctrine in *Reilley v. Byard*, 146 W.Va. 292, 119 S.E.2d 650 (1961) as follows:

The application of the sudden emergency doctrine ordinarily involves a judicial determination by the trier of fact of three factual propositions: (1) Whether the defendant was confronted with a sudden emergency; (2) if so, whether the emergency was created by the defendant; and (3) if the defendant was confronted with a sudden emergency not created in whole or in part by his own negligence, whether in the circumstances of such emergency he acted as a reasonably prudent person would have acted in like circumstances.

*Id.* at 299–300, 119 S.E.2d at 654–55.

As previously indicated, the first thing that must be determined in order to invoke the sudden emergency doctrine is whether the Appellee was confronted with a sudden emergency. This Court has previously discussed sudden emergency in terms of "[t]he law mak[ing] allowance[s] for the *natural alarm of one thus endangered* and requires of him merely the care of the average person similarly *imperiled.*" *O'Dell v. Universal Credit Co.*, 118 W.Va. 678, 684, 191 S.E. 568, 571 (1937) (Emphasis added). Other emergency

situations in which this Court has upheld instructing the jury regarding sudden emergency include:

where a motorist failed to back his vehicle off a negligently maintained railroad crossing when he was unable to move forward and was hit by a train, *Harrison Engineering [& Construction Co. v. Director General of Railroads*, 86 W.Va. 271, 103 S.E. 355 (1920) ] ...; motorists suddenly confronted with an oncoming automobile in their lane of traffic, *Lawson [v. Dye*, 106 W.Va. 494, 145 S.E. 817 (1928) ] ...; *Gilbert v. Lewisburg Ice Cream Co.*, 117 W.Va. 107, 184 S.E. 244 (1936); *Schade v. Smith*, 117 W.Va. 703, 188 S.E. 114 (1936); *States v. Riss & Co.*, 139 W.Va. 1, 80 S.E.2d 9 (1953); *Mulroy v. Co-operative Transit Company*, 142 W.Va. 165, 95 S.E.2d 63 (1956); pedestrian darted in front of motorist's vehicle, *Meadows v. Stickler*, 144 W.Va. 644, 110 S.E.2d 380 (1959); automobile brakes failed, *Spurlin v. Nardo*, 145 W.Va. 408, 114 S.E.2d 913 (1960); motorist's vehicle slid uncontrollably due to ice on the roadway, *White v. Lock*, 175 W.Va. 227, 332 S.E.2d 240 (1985); and accelerator spring on tractor broke causing the engine to accelerate and pick up speed, *Snyder v. Keckler*, 175 W.Va. 268, 332 S.E.2d 281 (1985) (*but see Henthorn v. Long*, 146 W.Va. 636, 122 S.E.2d 186 (1961) where sudden emergency instruction was improperly given when a motorist knew his brakes were defective).

*Moran*, —— W.Va. at ——, —— S.E.2d at ——, 1997 WL 751960, at *5.

In the instant case, the Appellee testified that "it was my fault that I rolled into the back of her [the Appellant's] car."[4] Additionally, the Appellee admitted that "normally when I merge into traffic, I don't watch the car in front of me the whole time." Not once did the Appellee testify that he had reacted the way he did out of some natural

---

4. Pursuant to the clarification of the law regarding the sudden emergency doctrine enunciated by this Court in *Moran*, if this case is retried, it is now clear that the sudden emergency doctrine would be inapplicable. In *Moran*, we held that

A sudden emergency instruction is to be given rarely, in instances of truly *unanticipated*

emergencies which leave a party little or no time for reflection and deliberation, and *not in cases involving everyday traffic accidents arising from sudden situations which, nevertheless, reasonably prudent motorists should expect.*

—— W.Va. at ——, —— S.E.2d at ——, 1997 WL 751960 at *1, Syl. Pt. 5 (Emphasis added).

alarm of being endangered or being presented with a sudden emergency. Additionally, the Appellee admitted that the accident was his fault. As previously mentioned, the sudden emergency doctrine may only be invoked when the emergency is "not created in whole or in part by [the] ... negligence [of the party invoking the doctrine]." *See Poe,* 150 W.Va. at 179, 144 S.E.2d at 673, Syl. Pt. 3, in part.

As we have previously stated "[a]n instruction should not be given when there is no evidence tending to prove the theory upon which the instruction is based." Syl. Pt. 4, *Hovermale,* 165 W.Va. at 689, 271 S.E.2d at 337. From a review of the evidence in this case, it is clear that the sudden emergency instruction should not have been given because there was "no evidence tending to prove the theory upon which the [sudden emergency] instruction is based." *Id.* Thus, the trial court abused its discretion in instructing the jury concerning the sudden emergency doctrine.

### B.

The next issue is whether it was error for the lower court to decline to give a comparative negligence instruction. The Appellant asserts that the trial court was under a mistaken belief that a comparative negligence instruction may only be requested by a defendant.[5] The Appellee argues that the circuit properly refused to give a jury instruction on comparative negligence, where the Appellee offered no defense of comparative negligence.

This Court has previously held that

'[i]f there be evidence tending in some appreciable degree to support the theory of proposed instructions, it is not error to give such instructions to the jury, though the evidence be slight, or even insufficient to support a verdict based entirely on such theory.' Syllabus Point 4, *Snedeker v. Rulong,* 69 W.Va. 223, 71 S.E. 180 (1911).

---

5. Actually, the lower court concluded that the evidence did not support giving the jury a com-

Syl. Pt. 2, *Moran,* —— W.Va. at ——, —— S.E.2d at ——, 1997 WL 751960, at *1.

From a review of the evidence, the jury should have been instructed with regard to comparative negligence. While the Appellee states that it presented no evidence of the Appellant's negligence, our review of the evidence suggests otherwise. While the Appellee's testimony indicates that he was at fault, the Appellee's evidence before the jury was that it was the Appellant's "sudden[ ], unexpected[ ] and unnecessary[ ]" stopping of her vehicle that caused the accident. While the Appellee attempted to use such evidence to put this into the sudden emergency category, it is obviously more of a garden variety negligence allegation. Further, the Appellant's evidence indicated that it was the Appellee's failure to keep observing the Appellant's vehicle, instead of looking away from the Appellant's vehicle to ascertain whether he could merge into oncoming traffic immediately after the Appellant, that caused the accident. Thus, there appears to have been sufficient evidence of fault on both sides to support the giving of a comparative negligence instruction. Accordingly, it was an abuse of the trial court's discretion in failing to give a comparative negligence instruction.

### III. CONCLUSION

Based on the forgoing, the decision of the Circuit Court of Kanawha County is reversed and remanded for a new trial.

Reversed and remanded.

Justice McGRAW did not participate in the decision of this case.