# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Nadereh Tafreshi Darabi,**
**Plaintiff Below, Petitioner**

**vs)  No. 13-1246** (Marion County 10-C-398)

**Jotwyla Moore,**
**Defendant Below, Respondent**

**FILED**

September 19, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Nadereh Tafreshi Darabi, by counsel James J. Palmer, III, appeals an order of the Circuit Court of Marion County entered November 7, 2013, that denied her motion for a new trial. Respondent Jotwyla Moore, by counsel Thomas G. Steele, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 8, 2009, at approximately 8:10 a.m., petitioner was traveling south on Interstate 79 from her home in Wexford, Pennsylvania, to her job as a medical resident at United Hospital Center in Clarksburg, West Virginia. At or near mile marker 132, the left lane of traffic in which she was driving came to a complete stop. As a result, petitioner was forced to bring her car to a complete stop.[1] Respondent was driving behind petitioner at a speed of approximately seventy miles per hour (the speed limit) and at a distance of "five car lengths" behind. It is undisputed that traffic in the right lane was moving and that it was not possible for respondent to change lanes. Respondent attempted to avoid colliding with petitioner by steering to the left of petitioner's vehicle and applying her brakes. However, she was unable to avoid an accident and collided with the left side of petitioner's vehicle.

Petitioner filed a complaint against respondent alleging that respondent's negligence caused petitioner to sustain personal injuries.[2] A one day jury trial was conducted on September

---

[1] No evidence was presented as to why traffic in the left lane was stopped. Furthermore, there is no contention that petitioner was at fault for stopping her vehicle.

[2] Respondent filed a third-party claim for contribution against Ada V. Funk, who was a driver on Interstate 79 at the time of the accident. According to respondent, "Funk's role in the accident was characterized by [respondent] as a 'disturbance up ahead' which potentially caused

1

4, 2013. At the close of all the evidence, the jury was instructed,[3] among other things, that

> [i]n determining whether respondent was guilty of negligence at the time and place of the subject motor vehicle accident, you may consider whether she was confronted with a sudden emergency on the interstate highway on September 8, 2009, which she did not create in whole or in part, and whether she acted as a reasonably prudent person would have reacted in like circumstances. In this circumstance, you may find that [respondent] was not guilty of negligence with respect to the subject motor vehicle accident.[4]

(Footnote added). The jury was also instructed that

> [i]f you find that [respondent] did violate a traffic safety statute, then a *prima facie* presumption of negligence is created as to her upon the violation of such traffic safety statute, but that said presumption may be rebutted by evidence tending to show that [respondent] did what might reasonably have been expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law. In this circumstance, you may find that [respondent] was not guilty of negligence with respect to the subject motor vehicle accident.[5]

(Footnote added).

The jury concluded that respondent was not negligent. Thereafter, petitioner filed a motion for new trial pursuant to Rule 59 of the West Virginia Rules of Civil Procedure. By order entered November 7, 2013, the circuit court denied petitioner's motion. It is from this order that petitioner now appeals.

---

[petitioner] to suddenly stop, which information [respondent] learned from the State Police." Petitioner reached an agreed settlement and resolution of any and all claims against this third-party defendant and, by agreed order entered August 23, 2013, petitioner's claims against her were dismissed, with prejudice, as were respondent's third-party claims against her.

[3] Petitioner failed to object to any of the jury instructions.

[4] *See* Syl. Pt. 1, *Roth v. Connolly*, 203 W.Va. 607, 509 S.E.2d 888 (1998) ("'A person in a sudden emergency, not created in whole or in part by his own negligence, who acts according to his best judgment or who, because of insufficient time for reflection, fails to act in the most judicious manner, is not guilty of negligence if he exercises the degree which would be exercised by a reasonably prudent person in like circumstances.' Syl. Pt. 3, *Poe v. Pittman*, 150 W.Va. 179, 144 S.E.2d 671 (1965).").

[5] *See* Syl. Pt. 3, *Waugh v. Traxler*, 186 W.Va. 355, 412 S.E.2d 756 (1991) ("The *prima facie* presumption of negligence created upon violation of a traffic statute or safety regulation may be rebutted by evidence tending to show that the person violating the statute did what might reasonably have been expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law.").

With regard to our standard for reviewing a circuit court's ruling on a motion for a new trial, we have explained that

> [a]s a general proposition, we review a circuit court's rulings on a motion for a new trial under an abuse of discretion standard. *In re State Public Building Asbestos Litigation,* 193 W.Va. 119, 454 S.E.2d 413 (1994) . . . . Thus, in reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

*Tennant v. Marion Health Care Found., Inc.,* 194 W.Va. 97, 104, 459 S.E.2d 374, 381 (1995).

In this appeal, petitioner argues that a new trial should have been granted because the evidence was not sufficient to support the jury verdict. In syllabus point five of *Orr v. Crowder*, 173 W.Va. 335, 315 S.E.2d 593 (1983), *cert. denied*, 469 U.S. 981 (1984), this Court held as follows:

> In determining whether there is sufficient evidence to support a jury verdict the court should: (1) consider the evidence most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved by the jury in favor of the prevailing party; (3) assume as proved all facts which the prevailing party's evidence tends to prove; and (4) give to the prevailing party the benefit of all favorable inferences which reasonably may be drawn from the facts proved.

*See* Syl. Pt. 3, *Walker v. Monongahela Power Co.,* 147 W.Va. 825, 131 S.E.2d 736 (1963) ("In determining whether the verdict of a jury is supported by the evidence, every reasonable and legitimate inference, fairly arising from the evidence in favor of the party for whom the verdict was returned, must be considered, and those facts, which the jury might properly find under the evidence, must be assumed as true."). Petitioner argues that, applying *Orr*, the evidence at trial revealed that respondent collided with petitioner's stopped vehicle while driving seventy miles per hour; that respondent was driving approximately five car lengths behind petitioner; and that the only sudden emergency was the one respondent created by failing to perceive that the traffic in her lane had come to a complete stop in time to avoid colliding with petitioner's vehicle. Thus, the jury's verdict that respondent was not negligent is not supported by the evidence and a new trial should have been granted. We disagree.

This Court has explained that

> although the circuit court does have some role in determining whether there is sufficient evidence to support a jury's verdict, it is not the role of the circuit court to substitute its credibility judgments for those of the jury or to assume the jury made certain findings because they did not believe evidence presented on other issues.

3

*Smith v. Cross*, 223 W.Va. 422, 430, 675 S.E.2d 898, 906 (2009) (quoting *Neely v. Belk, Inc.*, 222 W.Va. 560, 571, 668 S.E.2d 189, 199 (2008)). Furthermore,

> "'[q]uestions of negligence, due care, proximate cause and concurrent negligence present issues of fact for jury determination when the evidence pertaining to such issues is conflicting or where the facts, even though undisputed, are such that reasonable men may draw different conclusions from them.' Syl. pt. 5, *Hatten v. Mason Realty Co.*, 148 W.Va. 380, 135 S.E.2d 236 (1964)." Syllabus Point 3, *Dawson v. Woodson*, 180 W.Va. 307, 376 S.E.2d 321 (1988).

Syl. Pt. 1, *Birdsell v. Monongahela Power Co., Inc.*, 181 W.Va. 223, 382 S.E.2d 60 (1989).

In this case, it was the peculiar and exclusive province of the jury to weigh the evidence and to determine whether respondent acted negligently when it collided with petitioner's vehicle.[6] The evidence demonstrated that respondent was traveling at or about the speed limit when she came upon petitioner's vehicle, which had come to a complete and sudden stop on the interstate highway. Traffic was moving in the adjacent lane such that respondent was unable to change lanes. She attempted to avoid colliding with petitioner by steering to the left and applying her brakes. Despite these efforts, respondent collided with the left side of petitioner's vehicle. It is noted that petitioner points to no evidence that respondent violated any safety statutes or regulations in connection with the subject accident.[7] Furthermore, the jury was instructed, without any objection by petitioner, that it could consider whether respondent was confronted with a sudden emergency when she encountered traffic stopped on the highway and whether she acted as a reasonably prudent person would have reacted in similar circumstances.[8] Applying *Orr*, and, most especially, giving respondent the benefit of all favorable inferences that reasonably may be drawn from the facts proved at trial, we conclude that a reasonable jury could have determined that respondent did not act negligently when she collided with petitioner's vehicle. 173 W.Va. at 339, 315 S.E.2d at 597, syl. pt. 5. Therefore, we find that the circuit court committed no error in denying petitioner's motion for a new trial.

For the foregoing reasons, we affirm.

Affirmed.

---

[6] *See* Syl. Pt. 3, *Toler v. Hager*, 205 W.Va. 468, 519 S.E.2d 166 (1999).

[7] *See Waugh*, 186 W.Va. at 356, 412 S.E.2d at 757, syl. pt. 3.

[8] *See Roth*, 203 W.Va. at 608, 509 S.E.2d at 889, syl. pt. 1.

4

**ISSUED:**  September 19, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II